# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LINDA S. ELAM, FREDERICK J. ELAM, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 2:17-cv-02188-TLP-tmp |
| v. | ) |
| | ) |
| AURORA SERVICES LOAN, LLC, AURORA COMMERCIAL CORPORATION, HSBC BANK USA, N.A., LEHMAN BROTHERS, WEIL, SOTSALL AND MANGESS ATTORNEYS, COLLETTE FARLEY, NATIONSTAR MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SERVICES, REALTY MORTGAGE CORPORATION, FIRST BANK, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFFS' MOTION TO AMEND, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

Several motions, including Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend their Complaint, were referred to the Magistrate Court for a Report and Recommendation ("R&R"). (ECF No. 81.)[1] In a comprehensive decision, the Magistrate Court recommended denying Plaintiffs' Motion to Amend and granting Defendants' Motions to Dismiss. (ECF No. 85.) Plaintiffs filed timely objections to the R&R. (ECF No. 86.) Now, after reviewing each parties' filings, the Court adopts the R&R, denies Plaintiffs' Motion to Amend and grants Defendants' Motions to Dismiss.

---

[1] The District Court referred ECF Nos. 13, 14, 31, 32, 52, 72, 74, 79 and 84 for R & R.

1

## STANDARD OF REVIEW

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). The "failure to properly file objections constitutes a waiver of appeal." *See Howard*, 932 F.2d at 508 (citing *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)). But, when a timely objection is filed, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After conducting a *de novo* review, a district court need not articulate all the reasons it that rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

## DISCUSSION

Plaintiffs did not object to the R&R's Findings of Fact. This Court reviewed the record and finds the R & R's thorough recitation of facts is correct and complete. (R & R, ECF 85, PageID 818-826.) Accordingly, this Court ADOPTS the R&R's proposed Findings of Fact.

Plaintiffs object to the R&R on these grounds—(1) the Magistrate Judge misapplied the doctrine of *res judicata* (2) improperly barred Plaintiffs' claims under the applicable statutes of limitation and (3) generally erred in recommending a denial of Plaintiffs' Motion to Amend and a grant of Defendants' Motions to Dismiss. (ECF No. 86.) The Court takes each of these arguments in turn.

**A. Plaintiffs' Claims are Barred by the Doctrine of *Res Judicata*.**

This Court must apply Tennessee law on *res judicata*. *See Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 n. 5 (6th Cir. 1998); *Gen. Elec. Med. Sys. Europe v. Prometheus*

*Health*, 2010 WL 3521918, at *5 n. 1 (6th Cir. 2010). The Tennessee Supreme Court and the Sixth Circuit both adopt the Second Restatement's definition of *res judicata*. *See Creech v. Addington*, 281 S.W.3d 363, 380–81 (Tenn. 2009); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996); *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015). The Second Restatement's conception of *res judicata*, thus, frames our discussion.

The doctrine of *res judicata* addresses previous adjudication. Under *res judicata*, a court will bar a claim if that claim was "definitively settled by [a prior] judicial decision" (a final judgment on the merits). *Res Judicata*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see Taylor v. Sturgell*, 553 U.S. 880, 882 (2008); RESTATEMENT (SECOND) OF JUDGMENTS §§ 17, 24 (1982). The doctrine thus accomplishes a twofold goal—giving full faith and credit to other courts of competent jurisdiction and conserving judicial resources by barring plaintiffs from getting a second bite at the apple when the cases arise out the same transaction or series of transactions. *See* 28 U.S.C. § 1738; RESTATEMENT (SECOND) OF JUDGMENTS § 18. Though *res judicata* outlines the general preclusive effects of prior adjudications, it really encompasses two separate concepts—claim preclusion and issue preclusion. *See* RESTATEMENT (SECOND) OF JUDGMENTS §§ 17, 24 (1982).

Claim preclusion "foreclose[s] any litigation of matters that never have been litigated because of the determination that they should have been advanced in an earlier suit." CHARLES ALAN WRIGHT & MARY KAY KANE, LAW OF FEDERAL COURTS 722–23 (5th ed. 1994); *see* RESTATEMENT (SECOND) OF JUDGMENTS § 17; *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). If the plaintiff prevailed in a prior judgment, "[t]he plaintiff cannot thereafter maintain an action on the original claim or any part thereof . . . and [i]n an action upon the judgment, the defendant cannot avail himself of the defenses he might have

3

interposed, or did interpose, in the first action." RESTATEMENT (SECOND) OF JUDGMENTS § 18. If the defendant prevailed in the prior judgment, the judgment "bars another action by the plaintiff on the same claim." *Id*. at § 19.

Issue preclusion "foreclose[es] relitigation of matters that have once been litigated and decided." WRIGHT at 722–23 *supra*; *see Kane*, 71 F.3d at 560; RESTATEMENT (SECOND) OF JUDGMENTS § 17. In other words, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." RESTATEMENT (SECOND) OF JUDGMENTS § 27.

This action concerns a dispute over title to a piece of property—50 Brierwood Circle, Piperton, Tennessee 38107 ("Brierwood")—specifically who owns Brierwood. Plaintiffs' Complaint "request[s] the court to have the property remain in the name of [Plaintiffs' trust] . . . and have all mortgages and liens removed . . . ." (ECF No. 1 at PageID 6.)

Plaintiffs previously litigated the state of Brierwood's title in Fayette County, Tennessee, Chancery Court. *See Nationstar Mort., LLC v. Elam*, No. 15895 (Tenn. Ch. Ct. May 8, 2015). The Chancery court found that Plaintiffs received a mortgage in which "the intent of the parties to the transaction was that [Brierwood] would be collateral for the loan." *Id*. at 3–4. Thus, the Chancery Court reformed Brierwood's title "to reflect that the interest of [Plaintiffs' trust] . . . was effectively conveyed" through a deed of trust that accompanied the mortgage. *Id*. Plaintiffs appealed to the Tennessee Court of Appeals, which affirmed the Chancery Court's decision. (ECF No. 14-8.)[2]

---

[2] The Tennessee Supreme Court later denied cert. (ECF No. 14-9.)

In this action, Plaintiffs raise Truth in Lending ("TILA"), Racketeer Influenced and Corrupt Organizations ("RICO"), and fraudulent concealment claims in their Complaint and Proposed Amended Complaint. But each of these claims concern the same thing—the state of Brierwood's title. Thus, both claim preclusion and issue preclusion apply.

As a preliminary matter, both claim and issue preclusion require a prior adjudication, a "final judgment on the merits." *Nationstar* concluded via summary judgment. *See Nationstar Mort.*, No. 15895 at 2–4. The Tennessee Court of Appeals affirmed and the Tennessee Supreme Court denied certiorari. (ECF No. 86 at PageID 824.) *Nationstar* thus constitutes a final decision, which allows the claim and issue preclusion analyses to move forward.

Claim preclusion applies because the Chancery Court judgment directly addressed the validity of Plaintiffs' mortgage. *See Nationstar*, No. 15895 at 2–4. Thus, the onus was on Plaintiffs to plead any possible claims or theories related to the mortgage's validity in *Nationstar*. Plaintiffs cannot now "avail [themselves] of defenses [they] might have interposed, or did interpose, [as defendants] in the first action." RESTATEMENT (SECOND) OF JUDGMENTS § 18.

If Plaintiffs had TILA, RICO, or fraudulent concealment claims pertinent to the validity of the mortgage then they should have asserted those claims in *Nationstar*. *See Chapman v. JP Morgan Chase Bank, N.A.*, 651 F. App'x 508, 510–13 (6th Cir. 2016) (barring a TILA claim on a mortgage because a prior action "directly attacked the validity of the loan agreement" at issue in the second suit, and sufficient "factual and transactional overlap . . . justified invoking claim preclusion.") (citing *Sanders Confectionary Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484–85 (6th Cir. 1992)). Barring exceptions, parties are free to join federal claims in state actions. *See, e.g.*, 20 U.S.C. § 1338 (an exception to state-court

original jurisdiction for patent claims). There were no exceptions preventing Plaintiffs from asserting their federal claims in the Chancery Court case. Thus, claim preclusion applies.

Issue preclusion also applies because *Nationstar* previously litigated the state of Brierwood's title. *Nationstar* held that Plaintiffs' mortgage conveyed a collateral interest in Brierwood through the mortgage's accompanying deed of trust. *See Nationstar*, No. 15895 at 3–4. Thus, Plaintiffs' trust had no valid claim to Brierwood after Plaintiffs defaulted on the mortgage. *See id*. Plaintiffs now request that the Court find that their trust still retains title to Brierwood. (ECF No. 1 at PageID 6.) The Court cannot do so.

The validity of Realty's mortgage was the very issue at stake in *Nationstar*—it was essential to the judgment. *See Nationstar*, No. 15895 at 3–4; RESTATEMENT (SECOND) OF JUDGMENTS § 27; *cf.*, RESTATEMENT (SECOND) OF JUDGMENTS § 27, cmt. h. Plaintiffs may disagree with *Nationstar*'s outcome, but this is immaterial. If an issue was previously litigated, and was essential to the final judgment, "[i]t cannot be attacked collaterally, and in every other court [it] must be given full force and effect, irrespective of the reasons upon which it [wa]s based." *Deposit Bank of Frankfort v. Bd. of Councilmen of City of Frankfort*, 191 U.S. 499, 512 (1903). This Court will not allow a collateral attack to the Chancery Court decision.

**B. Plaintiffs' TILA and RICO Objections Are Similarly Unconvincing Given the Applicable Statutes of Limitations and Pleading Standards.**

**1. Plaintiffs' TILA Claim Fails Under the Applicable Statutes of Limitations.**

As previously stated, Plaintiffs' TILA claim is barred under *res judicata*. But, it is similarly barred under the applicable statutes of limitations. A party has one year after a loan's consummation to seek damages under TILA. *See* 15 U.S.C. § 1640(e); *Coyer v. HSBC*

*Mort. Servs., Inc.*, 701 F.3d 1104, 1109 (6th Cir. 2012). Furthermore, a plaintiff has three years after a loan's consummation to seek rescission under TILA. *See* 15 U.S.C. § 1635(f); *Chapman v. JPMorgan Chase Bank, N.A.*, 651 F. App'x 508, 512 (6th Cir. 2016). But, an exception to 1640(e)'s one-year statute of limitations exists under § 1640(k)(1). *See* 15 U.S.C. § 1640(k)(1). Under § 1640(k)(1), a plaintiff, in a foreclosure proceeding, "may assert a [TILA] violation . . . as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages under [§1640(e)]." *Id*.

Plaintiffs' TILA claim is barred under the applicable statutes of limitations regardless of the relief sought. Plaintiffs' TILA claim stems from a 2004 loan. (ECF No. 54-4 at PageID 588.) They thus had until either 2005 or 2007 to file their TILA claim. *See* § 1640(e); § 1635(f). Because Plaintiffs did not file their claim until 2017, it is barred by the applicable statutes of limitations.

Furthermore, Plaintiffs' TILA claim is not, in any way, salvaged by § 1640(k)(1). This exception only applies to TILA claims raised "as a matter of defense." § 1640(k)(1). The law in this Circuit is clear that § 1640(k)(1) has no applicability when a borrower sues a lender under TILA. *See Derbabian v. Bank of America, N.A.*, 587 F. App'x 949, 955–56 ("The problem with [Plaintiffs' TILA claims] is that they are not raising TILA violations 'as a matter of defense,' on the contrary, they brought this suit—an affirmative action—seeking damages and other relief . . . . [Thus,] the one-year statute of limitations applies to 'offensive' TILA claims like this one . . . .") (quoting § 1640(k)(1)). Thus, Plaintiffs raise no grounds to get out from under TILA's applicable statutes of limitations and their TILA claim must fail as a result.

## 2. Plaintiffs' RICO Claim Fails Under the Applicable Statute of Limitations and Rule 9(b).

*Res judicata* similarly applies to Plaintiffs' civil RICO claim.[3] But, in addition to *res judicata*, Plaintiffs' RICO claim fails under both the applicable statute of limitations and Rule 9(b). Civil RICO claims have a four-year statute of limitations. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (establishing a four-year statute of limitations for civil RICO claims). This period begins "when a plaintiff knew or should have known of his injury." *Rotella v. Wood*, 528 U.S. 549, 554 (2000). In other words, the "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Id*. at 555. Plaintiffs' initial Complaint alleged no RICO claim. The Court's RICO discussion, thus, focuses on Plaintiffs' proposed Amended Complaint.

Plaintiffs' proposed Amended Complaint states that their RICO injury stemmed from Defendants' repeated foreclosure attempts. (ECF No. 74-1 at PageID 786–77.) The time of the first foreclosure action is thus the "injury" that begins RICO's statute-of-limitations clock. *See Rotella*, 528 U.S. at 554–55. These foreclosure proceedings began in "late 2007." (ECF No. 74-1 at PageID 782.) Another injury asserted in the Amended Complaint is the financial ruin suffered by Frederick Elam as shown by his tax returns and bankruptcy filings. As noted in the R & R, if we assume bankruptcy is an injury, the filing in November 2010 is also well beyond the four-year limitations period. Plaintiffs' proposed Amended Complaint then—the first time that Plaintiffs raised a RICO claim—far exceeds the applicable statute of limitations and is thus time-barred. (ECF No. 1.)

---

[3] During a telephonic Status Conference, Plaintiffs' counsel argued that their primary objection to the R&R was the Magistrate Court's failure to allow the Plaintiffs to proceed with their civil RICO claim. He also argued that the statute of limitations for such a claim is ten-years.

Additionally, Plaintiffs' proposed Amended Complaint fails under Rule 9(b). Civil RICO claims must meet Rule 9(b)'s particularized pleadings requirements. *See Brown v. Cassens Trans. Co.*, 546 F.3d 347, 356 n. 4 (6th Cir. 2008). According to Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At minimum . . . [a party must] allege the time, place and contents of the misrepresentations . . . ." *William Beaumont Hosp. Sys. v. Morgan Stanley & Co., LLC*, 677 F. App'x 979, 982 (6th Cir. 2017) (internal quotations omitted). In other words, "[g]eneralized and conclusory allegations do not satisfy Rule 9(b)." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001) (citations omitted).

Here, Plaintiffs proposed Amended Complaint is completely threadbare for Rule 9(b) purposes. The Amended Complaint alleges that Defendants "were employed by or associated with an enterprise whose activities engaged in or affected interstate commerce and conducted or participated . . . [in a] pattern of racketeering activity . . . ." (ECF No. 74-1 at PageID 786.) It goes on to say that Defendants "wrongfully deprive[d] the Plaintiffs of their residence . . . and conducted an illegal enterprise within the meaning of the RICO"—then listing out each of RICO's elements. (*Id.*) These allegations are conclusory. Plaintiffs' Amended Complaint nowhere asserts the "time, place, and contents" of Defendants' alleged RICO violations. Thus, it cannot satisfy Rule 9(b)'s particularized pleading standard.

## **CONCLUSION**

After conducting a thorough review of the R&R, and after considering Plaintiffs' objections, the Court ADOPTS the R&R, DENIES Plaintiffs' Motion to Amend their Complaint, and GRANTS Defendants' Motions to Dismiss.

9

**SO ORDERED**, this 2nd day of May, 2018.

                                              s/ Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE